**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Edsel Aaron Badoni,<br><br>　　　　　　Petitioner,<br><br>v.<br><br>United States of America,<br><br>　　　　　　Respondent. | No.  CV 19-08077-PCT-GMS<br><br>**ORDER** |

Pending before the Court is United States Magistrate Judge Eileen S. Willett's Report and Recommendation ("R&R") (Doc. 16) recommending that the Court deny Petitioner Edsel Aaron Badoni's "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody" (the "Motion to Vacate") (Doc. 1). Petitioner timely filed objections to the R&R. (Doc. 19.) The Court will deny the Petition and adopt the R&R.

**BACKGROUND**

In September 2013, a jury convicted Petitioner of the following three offenses: (i) Assault with a Dangerous Weapon in violation of 18 U.S.C. §§ 1153 and 113(a)(3); (ii) Assault Resulting in Serious Bodily Injury in violation of 18 U.S.C. §§ 1153 and 113(a)(6); and (iii) Discharging a Firearm During a Crime of Violence in violation of 18 U.S.C. § 924(c)(1)(A). These convictions stem from the shooting of Petitioner's cousin, Jonah Begay, at the threshold of Petitioner's hogan on the Navajo reservation. Following a sentencing hearing, the Court entered its Judgment on December 10, 2013. Petitioner

appealed his convictions and sentences. On August 23, 2017, the Ninth Circuit affirmed Petitioner's convictions. The Ninth Circuit affirmed in part and vacated in part Petitioner's sentences and remanded the matter for re-sentencing. On March 1, 2018, following a re-sentencing hearing, the Court entered an Amended Judgment imposing a prison term totaling 166 months, followed by five years of supervised release.

On March 15, 2019, Petitioner timely filed the Motion to Vacate in this case, alleging that his trial counsel was ineffective for failing to investigate and present evidence of Begay's reputation for violence and aggression and for failing to call Officer Daren Simeona of the Navajo Police Department as a rebuttal witness to impeach Begay. (Doc. 1.) Petitioner further argued that the cumulative effect of these errors constituted ineffective assistance of counsel, even if the Court were to hold that neither error standing alone did. In her R&R, the Magistrate Judge recommended that the Court deny both ineffective assistance of counsel claims and thus Petitioner's cumulative effect claim as well. She further recommended that a Certificate of Appealability and leave to proceed in forma pauperis be denied, and that Petitioner's request for an evidentiary hearing be denied. Petitioner objects to the Magistrate Judge's recommendations as to his ineffective assistance of counsel claim based on trial counsel's failure to call Officer Simeona as a rebuttal witness. Petitioner also renews his request for an evidentiary hearing, or, at minimum, a Certificate of Appealability and leave to proceed in forma pauperis.

**DISCUSSION**

**I.   Standard of Review**

A "district judge may refer dispositive pretrial motions, and petitions for writ of habeas corpus, to a magistrate, who shall conduct appropriate proceedings and recommend dispositions." *Thomas v. Arn*, 474 U.S. 140, 141 (1985); *see also* 28 U.S.C. § 636(b)(1)(B); *Estate of Connors v. O'Connor*, 6 F.3d 656, 658 (9th Cir. 1993). Any party "may serve and file written objections" to the R&R. 28 U.S.C. § 636(b)(1). "A judge of the court shall make a *de novo* determination of those portions of the report or specified findings or recommendations to which objection is made." *Id.* District courts, however, are not

- 2 -

1  required to conduct "any review at all . . . of any issue that is not the subject of an
2  objection." *Arn*, 474 U.S. at 149. A district judge "may accept, reject, or modify, in whole
3  or in part, the findings or recommendations made by the magistrate." 28 U.S.C.
4  § 636(b)(1).

**II.   Analysis**

Petitioner makes three objections to the R&R. First, he argues that trial counsel's failure to call Officer Simeona to impeach Begay was ineffective assistance of counsel. Second, he argues that because the record does not conclusively show that trial counsel was not ineffective, an evidentiary hearing is required. Finally, he asserts that, at a minimum, he has met the threshold for issuance of a certificate of appealability.

"Under *Strickland v. Washington,* 466 U.S. 668 . . . (1984), a defendant claiming ineffective assistance of counsel must show that counsel's actions were not supported by a reasonable strategy and that the error was prejudicial." *Massaro v. United States*, 538 U.S. 500, 505 (2003). Under the first prong, a defendant must show that a counsel's representation falls "below an objective standard of reasonableness" as measured by "prevailing professional norms." *Strickland*, 466 U.S. at 687–88. There is a "strong presumption that counsel's performance falls within the wide range of professional assistance." *Kimmelman v. Morrison*, 477 U.S. 365, 381 (1986). "A reasonable tactical choice based on adequate inquiry is immune from attack under *Strickland.*" *Gerlaugh v. Stewart*, 129 F.3d 1027, 1033 (9th Cir. 1997).

With respect to the second prong, "Strickland asks whether it is 'reasonably likely' the result would have been different." *Harrington v. Richter*, 131 S.Ct. 770, 792 (2011) (quoting *Strickland*, 466 U.S. at 696). "This does not require a showing that counsel's actions 'more likely than not altered the outcome,' but the difference between Strickland's prejudice standard and a more-probable-than-not standard is slight and matters 'only in the rarest case.'" *Id*. (quoting *Strickland*, 466 U.S. at 693, 697). "The likelihood of a different result must be substantial, not just conceivable." *Id*. (citing *Strickland*, 466 U.S. at 693).

Petitioner asserts that "impeachment of Begay by Officer Simeona was necessary

to prove to the jury that: (1) Begay was lying to the jury about specific material facts; (2) Begay was additionally, therefore, not credible as to other material facts; and (3) the government, consequently, had not proven beyond a reasonable doubt that [Petitioner] did not act in self-defense." (Doc. 19 at 4.) In the Memorandum in Support of his Motion, Petitioner identifies "two material points" on which Begay "testified contrary to his statements to the police." (Doc. 2 at 15.) First, Begay "testified that he had 'about two shots' of alcohol before driving home from the bingo hall and confronting [Petitioner.] In fact, he had admitted to Officer Daren Simeona that he had had 'about 5 shots of Vodka.'" *Id.* Second, Begay testified that Petitioner shot him "out of nowhere" when "[i]n fact, Mr. Begay had admitted to Officer Simeona that it was he who started the altercation, that he was angry and yelling, and that it was while in this assaultive state that he pursued Mr. Badoni to the very door of his house." *Id.*

Petitioner asserts that there is "no possible strategic reason" to explain trial counsel's decision not to call Officer Simeona as a rebuttal witness to testify to these points. *Id.* But Petitioner's trial counsel did elicit these facts at trial. On cross-examination, Petitioner's counsel asked Begay whether the statement "[he] gave on August the 20th, which was about three weeks after this shooting . . . is wrong," to which Begay replied: "Yeah, that statement is wrong." (12-cr-08262-GMS, Doc. 88 at 101.) In response to Petitioner's counsel asking: "And because you were drunk and you had your bravery up, you decided to go down there, straighten him out, you called him out of his hogan because you were upset, right?", Begay answered: "Yes, I was just upset because of all the bad things that he's been doing." (*Id.* at 108.) The fact that these details were not presented as "dramatically and unequivocally" as they might have been had Officer Simeona been called to testify is offset by the fact that Officer Simeona could also have testified "that Begay heard shooting when he arrived home, felt afraid for his family's safety, and went to Badoni's hogan to tell him to stop shooting" or that "Begay was unarmed at the time, and that Badoni shot him in the chest"—all prior statements that corroborated Begay's testimony at trial. (Doc. 20 at 4.) The decision not to call Officer Simeona meets the

"objectively reasonable standard[]" required of "tactical decisions at trial." *Dows v. Wood*, 211 F.3d 480, 487 (9th Cir. 2000). Petitioner's ineffective assistance of counsel claim is denied. Moreover, as "the files and records of the case conclusively show that the prisoner is entitled to no relief," 28 U.S.C. § 2255, and Petitioner has not "made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253, Petitioner's requests for an evidentiary hearing and a Certificate of Appealability and for leave to proceed in forma pauperis are also denied.

## CONCLUSION

Based on the foregoing,

**IT IS SO ORDERED** that the Report and Recommendation of Magistrate Judge Eileen S. Willett (Doc. 16) is **ACCEPTED.**

**IT IS SO ORDERED** that Petitioner Edsel Aaron Badoni's Objection to the Report and Recommendation (Doc. 19) is **OVERRULLED.**

**IT IS FURTHER ORDERED** that Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. 1) is **DENIED**.

**IT IS FURTHER ORDERED** directing the Clerk to enter judgment accordingly.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, in the event Petitioner files an appeal, the Court declines to issue a certificate of appealability because reasonable jurists would not find that Petitioner has made a substantial showing of the denial of a constitutional right.

Dated this 25th day of August, 2020.

_____
G. Murray Snow
Chief United States District Judge